Shauck, J.
However variously it may be stated, the only proposition submitted by counsel for the defendant in error in support of the ruling of the circuit court on the demurrer to the third defense is that Riggin and Corkwell were joint executors and had given a joint bond for the faithful performance of their duties, and that, therefore, each was surety for the other with respect to all things done in the execution of the trust. Conceding the soundness of this proposition, it can have no application to the defense interposed by Corkwell. That defense is, in substance, that Mrs. Creath waived the payment in money of the balance due upon her distributive share after *120 deducting the advancements which had been made to her by her brother-in-law, Riggin, and also waived the delivery to her of a check drawn by the executors upon the Citizens’ Bank where, as she knew, they had on deposit a sum sufficient to meet the check. In lieu of payment in cash or by the check of the executors upon the trust fund, she voluntarily and for purposes of her own accepted the individual check of Riggin upon a different bank for the balance, and in consideration of that check and the advancements previously made to her, she executed to the executors, for the purpose of their settlement, her receipt for the entire dis- . tributive share, from which it resulted that by her authority the portion of the trust fund which she had been entitled to' receive was delivered to Riggin and lost to the fund. In executing to her his individual check upon the Farmers’ Bank, Riggin' acted wholly apart from his duties as executor. He did not execute it as executor, nor in any way represent that it would be paid out of money subject to control of the executors. It follows that whatever may have been Mrs. Creath’s reason for preferring the individual check of Riggin to that of the executors, she was the sole judge of its sufficiency, and she is'bound by her election, and estopped to maintain an action on the bond because of the non-payment of the check which she chose to receive. The common pleas properly overruled the demurrer.
Upon the trial of the case the material allegations of the third defense were fully sustained by the testimony of Riggin and Corkwell, corroborated by that of the probate judge and the counsel who were present assisting in the settlement. In her testimony offered in her own behalf *121 Mrs. Creath admitted that she. had the settlement with Riggin in a room connected with the office of the probate judge, that she there received Riggin’s individual check for the balance ascertained to be due her, that they then returned to the room where Corkwell and the counsel for the executors and the probate judge were, that she then signed a receipt 'in full of her distributive share, that Corkwell did not participate in any representation by which she was induced to accept the check of Riggin in lieu of that of the executors, and that he had no knowledge of their arrangement, except that communicated by Riggin in her presence just before she signed the receipt, that he had satisfied her demand. According to what seems the proper view of the legal effect of this evidence we must infer that the circuit court, when considering its weight and effect, was governed by the same view of the law which led it to the conclusion that the demurrer to the third defense should have been sustained; that is, that it thought the evidence insufficient to support a judgment against Mrs. Creath even though it fully supported the allegations of the third defense and refuted those of the reply. Upon the material questions of fact there was no conflict in the evidence, and the judgment of the court of common pleas holding the plaintiff bound by the arrangement into which she voluntarily entered with Riggin, accepting his individual obligation in lieu of the check of the executors, was right.

Judgment of the circuit court reversed and that of the common pleas affirmed.